**YOUNG BASILE HANLON & MACFARLANE, P.C.**
**ANDREW R. BASILE, JR. (SBN 208396)**
abasile@youngbasile.com
**JEFFREY D. WILSON (PRO HAC VICE TO BE FILED)**
wilson@youngbasile.com
**Ryan T. McCleary (Pro Hac Vice To Be Filed)**
mccleary@youngbasile.com
**EDDIE D. WOODWORTH (PRO HAC VICE TO BE FILED)**
woodworth@youngbasile.com
228 Hamilton Avenue, Suite 300
Palo Alto, CA 94301
Telephone: (248) 649-3333
Facsimile: (248) 649-3338

Attorneys for Plaintiff
IXL Learning, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IXL LEARNING, INC., | Case No.: 3:19-cv-01486 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ROBERT JAHODA AND EDDIE WHITE, | |
| Defendants. | |

## **COMPLAINT**

Plaintiff IXL Learning, Inc. ("IXL") brings this claim, seeking the declaratory judgment of this Court pursuant to 28 U.S.C. § 2201 against Defendants Eddie White ("White") and Robert Jahoda ("Jahoda") (collectively, "Defendants"), and in support thereof does allege and state as follows:

### NATURE OF CASE

1.      This is an action for declaratory judgment arising under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., California's Unruh Civil Rights Act, and the Pennsylvania Human Relations Act.

**THE PARTIES**

2.      IXL is a Delaware Corporation created under the laws of the state of Delaware, and having its principal place of business in San Mateo, California.

3.      Upon information and belief, Defendant White is resident of the state of California.

4.      Upon Information and belief, Defendant Jahoda is a resident of the state of Pennsylvania.

5.      Defendants have alleged that they are disabled, as that term is understood under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., California's Unruh Civil Rights Act, and the Pennsylvania Human Relations Act.

**JURISDICTION AND VENUE**

6.      This Court has federal question jurisdiction over the subject matter of this action, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, and supplemental jurisdiction over the related state law claims under California's Unruh Civil Rights Act and the Pennsylvania Human Relations Act.

7.      This Court has personal jurisdiction over Defendant White because he is a resident of the State of California

8.      This Court has personal jurisdiction over Defendant Jahoda because he has purposefully conducted activities jointly with other California residents into California relative to the subject matter of this action; directed his actions in concert with other California residents in California relative to the subject matter of this action, hired counsel in California jointly with other California residents for such purposes, made demands in concert with other California residents upon IXL in California relating to IXL's online educational services (which are hosted from and provided in California), and purposefully availed himself of California law by threatening frivolous litigation in concert with other California residents against IXL based on protections offered by California law (including California's Unruh Civil Rights Act) to obtain "statutory damages on a class basis" relative to the subject matter of this action. Jahoda should reasonably anticipate being subject to the jurisdiction and laws of California by engaging in such actions.

9.      Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this lawsuit arises in relation to a website operated by IXL out of its principal place of business in San Mateo, California, as a result of which a substantial part of the decisions and events giving rise to the claim at issue herein occurred within this judicial district.

## BACKGROUND OF IXL AND ITS SERVICES

10.      IXL is an educational technology company headquartered in San Mateo, California that develops online educational services primarily intended for primary and secondary school students.

11.      IXL provides its online educational services through its website and through native apps that are available on Apple or Android mobile devices.

12.      IXL's online educational services are made available through internet platforms, such as Apple iTunes, Google Play, or through an internet browser. IXL does not sell through brick and mortar retail locations.

13.      IXL's physical offices are not open to the public or to IXL's customers.

14.      Said differently, IXL's online educational services do not facilitate access or connect customers to separate goods and services of IXL's physical offices. IXL's physical office does not offer any goods or services.

## BACKGROUND OF DEFENDDANTS AND THE UNDERLYING DISPUTE

15.      Defendants' counsel, Carlson Lynch Sweet Kilpela & Carpenter, LLP ("Carlson Lynch"), has represented a small group of plaintiffs in hundreds of federal lawsuits over the past ten years across the country alleging violations of the ADA's accessibility requirements for places of public accommodation under Title III.

16.      Defendants' counsel is one of several firms that targets specific industries, sends hundreds of demand letters to businesses purportedly on behalf of disabled consumers by alleging a deficiency in the business's property or website, and threatens costly lawsuits unless the business settles with the firm. Suits often settle quickly for between $10,000 and $75,000, mostly covering attorney fees and expenses.[1]

---

[1] *See, e.g.,*
http://www.abajournal.com/news/article/law_firms_files_dozens_of_ada_suits_claiming_websites_arent_accessible_to_t/

17.     Upon information and belief, Defendant Jahoda is a serial litigant who has been a plaintiff in at least eighty (80) federal lawsuits over the past 10 years, alleging violations of ADA Title III related to ATM machines, movie rental kiosks and, most recently, websites and mobile apps.

18.     Upon information and belief, Defendant Jahoda has reached a confidential settlement in most or all cases filed in his name by Carlson Lynch that do "not disclose whether the defending company or business has made the necessary adjustments to become ADA compliant."[2] Indeed, one expert has noted that "these lawsuits are not improving the [lack of access in public places]. It's just a system for extortion."[3]

19.     Upon information and belief, Defendants White and Jahoda through their lawyers have sent multiple demand letters to California businesses alleging violations of ADA Title III.

20.     IXL has not yet located any record of Defendants Jahoda or White registering an account to use IXL's mobile app.

21.     Upon information and belief, Defendants Jahoda and White are not bona fide patrons of IXL's online educational services.

22.     Upon information and belief, Defendants Jahoda and White do not intend to become bona fide patrons of IXL's online educational services.

23.     On or about February 15, 2019, counsel for Defendants sent a letter to IXL claiming that Defendant White was born with cataracts and glaucoma, and is totally blind on one eye, and left with very little vision in the other eye. A copy of this letter is attached hereto as Exhibit A (the "Demand Letter").

24.     The Demand Letter further alleged that Defendant Jahoda suffers from retinitis pigmentosa, a genetic disorder that left him legally blind.

25.     As a result of their respective conditions, Defendants assert in the Demand Letter that they use screen reader technology to access mobile applications on their smart phones, which reads the content of a website to the user.

26.     Defendants allege in the Demand Letter that IXL's mobile applications are not compatible with screen reader technology and, and that these alleged deficiencies constitute a violation of

---

[2] *See, e.g.,*  https://www.washingtonexaminer.com/eight-plaintiffs-filing-61-percent-of-americans-with-disabilities-act-lawsuits-in-pennsylvania
[3] *Id.*

the Americans with Disabilities Act, California's Unruh Civil Rights Act, and the Pennsylvania Human Relations Act. In the Demand Letter, Defendants threatened to sue IXL in federal court.

27.     The Defendants caused the Demand Letter to be sent to IXL even though they and their attorneys know that ADA Title III accessibility requirements do not apply when, as is the case with IXL, there is no nexus between the websites or apps and a physical location. *See, e.g. Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019); *Young v. Facebook, Inc.*, 790 F.Supp.2d 1110, 1115 (N.D. Cal. 2011) ("Under controlling Ninth Circuit authority, 'places of public accommodation' under the ADA are limited to actual physical spaces ... Facebook operates only in cyberspace, and is thus is not a 'place of public accommodation' as construed by the Ninth Circuit. While Facebook's physical headquarters obviously is a physical space, it is not a place where the online services to which [the plaintiff] claims she was denied access are offered to the public."); *Tawam v. APCI Federal Credit Union*, 2018 WL 3723367 *6 (E.D. Pa. August 6, 2018) (claim under Title III of the ADA requires some "nexus" between the physical place of public accommodation and the services denied in a discriminatory manner) *citing Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010) *and Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 120 (3d Cir. 1998).

28.     An actual and justiciable controversy within the meaning of the Declaratory Judgment Act now exists between IXL and the Defendants as to the applicability and requirements of the Americans with Disabilities Act, California's Unruh Civil Rights act, and the Pennsylvania Human Relations Act to IXL's website and mobile applications, and therefore a declaration by this Court is necessary to resolve this controversy.

**COUNT I**
**Claim for Declaratory Relief**

29.     Plaintiff re-alleges and incorporates each of the foregoing paragraphs by reference as though set forth fully herein.

30.     IXL's website and mobile applications are not places of public accommodation as defined by Title III of the ADA, California's Unruh Civil Rights Act, or the Pennsylvania Human Relations Act.

31.     Defendants' allegations that IXL's website and mobile applications violate state and federal disability law have no legal merit as a matter of law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that this Court, pursuant to 28 U.S.C. §§ 2201 and 2202, enter judgment and declare:

A.   That IXL does not own, maintain and/or operate a place of public accommodation, through their website, mobile applications or otherwise, in violation of Title III of the ADA, California's Unruh Civil Rights Act, or the Pennsylvania Human Relations Act.

B.   IXL be awarded such further relief as is necessary.

Respectfully submitted,

Dated: March 21, 2019        **YOUNG BASILE HANLON & MACFARLANE, P.C.**

By:   _/s/ Andrew R. Basile, Jr._
**Andrew R. Basile, Jr. (SBN 208396)**
abasile@youngbasile.com
**Jeffrey D. Wilson (*Pro Hac Vice to be Filed*)**
wilson@youngbasile.com
**Ryan T. McCleary (*Pro Hac Vice to be Filed*)**
mccleary@youngbasile.com
**Eddie D. Woodworth (*Pro Hac Vice to be Filed*)**
woodworth@youngbasile.com

Attorneys for Plaintiff
IXL Learning, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF MICHIGAN, COUNTY OF OAKLAND
*IXL Learning, Inc. v. Robert Jahoda and Eddie White*
*Case No.: 0:00-CV-00000-XX*

I am employed in the County of Oakland, State of Michigan; I am over the age of eighteen (18) and not a party to the within action; my business address is 3001 W. Big Beaver Road Suite 624, Troy, MI 48084. On March 21, 2019, I served the foregoing document(s) described as **Complaint** on all interested parties to this action by delivering a copy thereof via electronic mail to each of said interested parties at the following address(es):

| | |
|---|---|
| R. Bruce Carlson<br>Kevin W. Tucker<br>Todd D. Carpenter<br>Carlson Lynch Sweet Kilpela & Carpenter, LLP<br>Equal Employment Opportunity Commission<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222<br>P: (412) 322-9243<br>F: (412) 231-0246<br>bcarlson@carlsonlynch.com<br>ktucker@carlsonlynch.com<br>tcarpenter@carlsonlynch.com | Attorneys for Defendants |

☐   **(BY MAIL)** I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our firm's office address in Troy, Michigan. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒   **(BY ELECTRONIC FILING)** I caused such document to be delivered via electronic filing and service of court via Notice of Electronic Filing ("NEF").

☒   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on March 21, 2019 at Troy, Michigan.

_____*/s/ Andrew R. Basile, Jr.*_____
Andrew R. Basile, Jr.